IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PHILADELPHIA CONTRIBUTIONSHIP INSURANCE CO. A/S/O LEONARD YAGATICH AND AMBER MCCORMICK,** * * *  *Plaintiff,* * v. * *  **BULLFROG SPAS INTERNATIONAL LC,** * *  *Defendant.* * * | Civil Case No: 1:25-cv-01213-JMC |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff, Philadelphia Contributionship Insurance Co. a/s/o Leonard Yagatich and Amber McCormick ("Philadelphia Contributionship"), initiated this property damage and products liability matter in the Circuit Court for Cecil County, Maryland, on March 18, 2025. (ECF No. 1). Defendant, Bullfrog Spas International LC ("Bullfrog Spas"), removed the case to this Court on April 11, 2025. *Id.* Philadelphia Contributionship asserts claims for negligence, strict liability, and breach of warranty stemming from a fire allegedly caused by a defect in a swim spa manufactured by Bullfrog Spas. (ECF No. 2). Presently pending before the Court is Bullfrog Spas' Motion for Leave to File a Third-Party Complaint. (ECF No. 21). The Motion is unopposed, and the deadline to file an opposition has passed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, Bullfrog Spas' Motion for Leave to File a Third-Party Complaint (ECF No. 21) shall be GRANTED.

Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to

1

it for all or part of the claim against it." Fed. R. Civ. P. 15(a)(1). If a would-be third-party plaintiff seeks to file the third-party complaint more than fourteen (14) days after serving its original answer, it must first obtain the Court's leave. *Id.* "District courts have broad discretion over motions for leave to file a third-party complaint, which is also called 'impleader.'" *Turner v. Harmon*, No. JKB-20-2328, 2021 WL 1219515, at *2 (D. Md. Mar. 31, 2025) (quoting *Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 (4th Cir. 1962)). Such motions are regularly granted because courts "have a strong interest in promoting efficiency by trying related claims together[.]" *Id.* (quoting *Boughter v. Bay Shore Dev. Corp.*, No. WMN-08-0424, 2009 WL 10682156, at *1 (D. Md. Feb. 11, 2009)); *Trs. of Local 24 Pension v. Gamble Insulation Co.*, No. WDQ-04-0291, 2005 WL 8174498, at *1 (D. Md. Aug. 23, 2025) ("Motions for leave to file a third party complaint are generally favored because they promote efficiency by trying related claims together."). Thus, a motion for leave to file a third-party complaint should be granted absent a showing of undue delay or where "joining the third-party would unduly complicate the original suit, introduce unrelated issues, or if the third-party complaint if obviously unmeritorious." *JFJ Toys, Inc. v. Toys "R" Us-Delaware, Inc.*, No. DKC-13-0793, 2014 WL 1255859, at *7 (D. Md. Mar. 25, 2015) (citation omitted). Additionally, "impleader is proper only when a right to relief exists under the applicable substantive law." *Id.* (citation omitted).

Bullfrog Spas seeks leave to file a third-party complaint against Gecko Alliance Group, Inc. ("Gecko") because Philadelphia Contributionship alleges an electrical malfunction caused the fire at issue within the swim spa, and Gecko manufactured and supplied to Bullfrog Spas the electrical components for the spa. (ECF No. 21 at 2). Thus, Bullfrog Spas argues, "granting leave would actually promote judicial economy and efficiency because it would allow all of these related claims to be tried in the same case, rather than possibly requiring [Bullfrog Spas] to bring an

2

entirely separate action to bring the same claims, based on the same facts, against Gecko." The Court agrees. Bullfrog seeks to add claims for contractual and common law indemnification which are largely based on the same facts as the underlying action brought by Philadelphia Contributionship. *Id.* Trying these claims together is judicially economical and there is no evidence that granting leave will cause undue delay or complicate the trial in this case. The litigation is still in its early stages and Bullfrog Spas represents that no discovery has yet occurred. *Id.* at 3. Additionally, Bullfrog Spas' motion for leave was timely filed before the June 26, 2025 deadline to move for joinder of additional parties. *Id.*; ECF No. 11; *see also Turner*, 2021 WL 1219515 at *2 (granting motion for leave to file third-party complaint where the parties were still engaged in discovery and the motion was filed by the deadline set forth in the scheduling order). There is also no indication that Bullfrog Spas' third-party complaint is unmeritorious or that Bullfrog Spas lacks the ability to pursue its claims under the applicable substantive law.[1] The Court therefore concludes that impleader is proper in this matter.

Accordingly, it is this 16th day of July, 2025 hereby ORDERED:

1) Bullfrog Spas' Motion for Leave to File a Third-Party Complaint (ECF No. 21) is GRANTED; and

2) The Clerk is directed to accept and file the Third-Party Complaint attached as Exhibit 1 to the Motion for Leave.

SO ORDERED.

Dated: July 16, 2025

/s/
J. Mark Coulson
United States Magistrate Judge

---

[1] Gecko may, of course, make such arguments in a motion to dismiss. *Turner*, 2021 WL 1219515 at *3 (granting impleader despite argument that third-party complaint failed to state a claim, and noting that the argument could be raised in a motion to dismiss after the impleaded party was joined).