IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PHILADELPHIA CONTRIBUTIONSHIP INSURANCE CO.** | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No.: 1:25-CV-01213-JMC** |
| **BULLFROG SPAS INTERNATIONAL LC** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **BULLFROG SPAS INTERNATIONAL LC** | * | |
| **Third-Party Plaintiff,** | * | |
| v. | * | |
| **GECKO ALLIANCE GROUP INC.** | * | |
| **Third-Party Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff, Philadelphia Contributionship Insurance Co. a/s/o Leonard Yagatich and Amber McCormick ("Philadelphia Contributionship"), initiated this property damage and products liability matter in the Circuit Court for Cecil County, Maryland, on March 18, 2025. (ECF No. 1). Defendant, Bullfrog Spas International LC ("Bullfrog Spas"), removed the case to this Court on April 11, 2025. *Id.* Philadelphia Contributionship asserts claims for negligence, strict liability, and breach of warranty stemming from a fire allegedly caused by a defect in a swim spa manufactured by Bullfrog Spas. (ECF No. 2). Presently pending before the Court is Bullfrog Spas' Partial

Consent Motion for Leave to File an Amended Third-Party Complaint. (ECF No. 39). The Motion is fully briefed (ECF Nos. 39, 40, 48) and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth immediately below, Bullfrog Spas' Motion for Leave to File an Amended Third-Party Complaint (ECF No. 39) shall be GRANTED.

I.   BACKGROUND

The instant case arises from a fire that occurred at a property the Plaintiff's insureds owned. (ECF No. 2 at 1).[1] Specifically, Plaintiff alleges a defect in a swim spa that the Defendant manufactured caused the fire. *Id.* at 2. Accordingly, Plaintiff brought claims of negligence, strict liability, and breach of warranty against Defendant. *Id.* at 3-6.

On April 11, 2025, Defendant filed a notice of removal, thereby removing the case to federal court. (ECF No. 1). Defendant filed its answer to the complaint on April 18, 2025. (ECF No. 5). Thereafter, the Court issued a scheduling order, which imposed a deadline for joining additional parties and amendment of pleadings to June 26, 2025. (ECF No. 8). Then, on June 18, 2025, Defendant sought leave to file a third-party complaint against Gecko Alliance Group Inc. ("Gecko") based on its belief that Gecko manufactured and supplied to Defendant certain electrical components used in the manufacturing of the spa. (ECF No. 21). The motion was unopposed, and the Court granted the motion on July 16, 2025. (ECF No. 22). That same day, Defendant filed the third-party complaint against Gecko. (ECF No. 23).

Counsel for Gecko filed an entry of appearance on September 16, 2025. (ECF No. 30). Counsel for Gecko filed a consent motion to extend the time to respond to the third-party Complaint, which the Court granted. (ECF No. 32). Gecko answered the third-party complaint on September 30, 2025. (ECF No. 34). Counsel for Defendant filed the present Motion for Leave to

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

File an Amended Third-Party Complaint on October 23, 2025. (ECF No. 39). According to Defendant, counsel for Defendant and Gecko corresponded by way of a telephone conversation during which Defendant learned Gecko "held intellectual property while a subsidiary, Gecko Alliance, manufactured and distributed products." (ECF No. 39 at 3). Gecko's counsel "also provided a Supply and License Agreement between 'Gecko Alliance' and the Defendant that provided for Gecko Alliance to manufacture and supply components for spas." *Id.*

Later, on November 4, 2025, the Court granted a consent motion to modify the scheduling order. (ECF No. 42). Under the present scheduling order, Rule 26(e) supplementation of disclosures and responses are due March 2, 2026; the discovery deadline is March 24, 2026; and the dispositive pretrial motions deadline is April 24, 2026. *Id.* As the deadline to join parties has passed, the present scheduling order does not include an extension of that deadline. *See id.*

## II.   STANDARD OF REVIEW

As Defendant seeks leave to amend the third-party complaint to join Gecko Alliance past the deadline to do so, the instant motion involves the intersection between Federal Rule of Civil Procedure 14, 15, and 16.

### A. <u>Amending the Scheduling Order</u>

When the time to amend the pleadings under a court's scheduling order has passed, the scheduling order may be modified for good cause and with leave of the Court under Federal Rule of Civil Procedure 16. Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) ("[A] party must first demonstrate good cause to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.") (internal quotations omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*,

209 F.R.D. 372, 274 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Id.* Accordingly, a party seeking leave to amend a third-party complaint to join an additional party after the time to do so has expired must satisfy the good cause standard before also satisfying the rules governing leave to amend and impleader. *See* ); *DiStefano, Inc.*, 2024 WL 1329268, at *2. "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012).

    B.  <u>Impleading Third Parties</u>

Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 15(a)(1). If a would-be third-party plaintiff seeks to file the third-party complaint more than fourteen (14) days after serving its original answer, it must first obtain the Court's leave. *Id.* "District courts have broad discretion over motions for leave to file a third-party complaint, which is also called 'impleader.'" *Turner v. Harmon*, No. JKB-20-2328, 2021 WL 1219515, at *2 (D. Md. Mar. 31, 2025) (quoting *Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 (4th Cir. 1962)). Such motions are regularly granted because courts "have a strong interest in promoting efficiency by trying related claims together[.]" *Id.* (quoting *Boughter v. Bay Shore Dev. Corp.*, No. WMN-08-0424, 2009 WL 10682156, at *1 (D. Md. Feb. 11, 2009)); *Trs. of Local 24 Pension v. Gamble Insulation Co.*, No. WDQ-04-0291, 2005 WL 8174498, at *1 (D. Md. Aug. 23, 2025) ("Motions for leave to file a third-party complaint are generally favored because they promote efficiency by trying related

claims together."). Thus, a motion for leave to file a third-party complaint should be granted absent a showing of undue delay or where "joining the third-party would unduly complicate the original suit, introduce unrelated issues, or if the third-party complaint if obviously unmeritorious." *JFJ Toys, Inc. v. Toys "R" Us-Delaware, Inc.*, No. DKC-13-0793, 2014 WL 1255859, at *7 (D. Md. Mar. 25, 2015) (citation omitted). Additionally, "impleader is proper only when a right to relief exists under the applicable substantive law." *Id.* (citation omitted).

### C. Amending Pleadings

Federal courts may grant leave to amend freely. Fed. R. Civ. P. 15(a). However, courts need not grant leave to amend when it "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted). When a court lacks subject matter jurisdiction and the proposed amendment fails to cure the jurisdictional deficit, the "amendment is therefore futile under Rule 15(a)." *Smith v. Maryland,* Civil Action No. RDB–11–2007, 2012 WL 3596098, at *7 (D. Md. Aug. 20, 2012); *see also MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RBD-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013).

## III.   ANALYSIS

### A. Good Cause Exists to Modify the Scheduling Order to Permit Amendment of the Third-Party Complaint.

Much of the present dispute turns on whether good cause exists to modify the scheduling order. *See* Fed. R. Civ. P. 16(b). Bullfrog Spas argues "good cause exists to modify the Scheduling Order to permit the amendment of the Third-Party Complaint because Defendant is seeking to amend without delay, soon after it learned from [Gecko's] counsel that Gecko Alliance would be an appropriate third-party defendant." (ECF No. 39 at 4). Gecko counters, "Bullfrog had the relevant documentation well before the Original Complaint was filed by Plaintiff, Philadelphia

Contributionship Insurance Co. At that time, Bullfrog knew or should have known that it had entered into the Agreement with Gecko Alliance, not [Gecko].[2]" (ECF No. 40 at 4). Thus, Gecko argues that because "Bullfrog has been in possession of the Agreement executed between Bullfrog and Gecko Alliance since the document's execution, on January 7, 2022," Defendant fails to show good cause for a lack of diligence. *Id.* In its Reply, Defendant insists that a lack of diligence is not the reason why it failed to implead Gecko Alliance originally. (ECF No. 48 at 2). Acknowledging that it did have knowledge of the contracts from 2022, Defendant emphasizes the similarities between the two entities:

> Among other things, the Agreements respectively state that Gecko Alliance Group Inc. and Gecko Alliance are "manufacturer[s] of spa controls for use in spa products, controls heads, and accessories including spa controls and keypads (the 'Spa Controls')" and that Gecko Alliance Group Inc. and Gecko Alliance agree to supply the Spa Controls purchased by Bullfrog; provide the same address for Gecko Alliance Group Inc. and Gecko Alliance; refer to Gecko Alliance Group Inc. and Gecko Alliance throughout as "Gecko" or "Seller"; provide for notices for Gecko Alliance Group Inc. and Gecko Alliance to be sent to the same address and to the attention of the same individual; and include the same signature block for "Gecko Alliance Inc." The name "Gecko Alliance" further appears to be a trade name, rather than the proper, legal name of a corporation.

(ECF No. 48 at 2). Therefore, Defendant continues, Bullfrog filed the instant motion "as soon as it reasonably learned that Gecko Alliance actually would be an appropriate third-party defendant, and thus, it has acted with reasonable diligence." *Id..* at 2-3.

In *Rassoull*, this Court denied leave to amend when a plaintiff failed to "provide reasons for seeking a modification of the scheduling order" and "never address[ed] the issue of tardiness in the motion itself." *Rassoull*, 209 F.R.D. at 374. In *Kantsevoy v. LumenR LLC*, this Court found

---

[2] Gecko's legal name is "Gecko Alliance Group, Inc.," which the Court has labeled "Gecko" for clarity because Defendant seeks to add a subsidiary, "Gecko Alliance" to this case. To avoid confusion between the two entity names, reference made in the instant memoranda to "Gecko Alliance Group" or "GAG" are substituted with "Gecko."

a movant failed to show good cause to amend the scheduling order, emphasizing that the movant "has not adequately explained why it waited five months before moving to amend." *Kantsevoy v. LumenR LLC*, 301 F.Supp. 577, 590 (D. Md. 2018). The Court noted an "important difference between modifying the Court's Scheduling Order shortly after the deadline to amend pleadings has passed, and modifying it some six months later, after the close of discovery and the deadline to submit dispositive pretrial motions." *Id.* Likewise, this Court denied leave to file a second amended complaint in *Crouch v. City of Hyattsville*, Civil Action No. DKC 09-2544, 2012 WL 718849, at *4 (D. Md. Mar. 5, 2012). There, the "proposed second amended complaint encompass[ed] several more wished-for claims" that the plaintiff knew about well before requesting leave to amend. *Id.* at *3. Further, it was only after the defendant there pointed out a discrepancy in the plaintiff's arguments that the plaintiff offered reasons why the additional claims should be added. *Id.* at *4.

While it is true that the deadline by which to amend the pleadings and join parties has passed, this case is in a unique procedural posture in which Gecko has been recently served, a new counsel for Plaintiff recently entered the case, and the discovery deadline was recently extended until March 24, 2026. Defendant acknowledged the tardiness of its motion for leave to amend, indicating that it sought leave to amend soon after it learned Gecko Alliance may be an appropriate third-party defendant, as it is "a subsidiary of with nearly the same name as the current third-party defendant.". (ECF No. 39 at 4). While it appears Gecko correctly points out that the agreements to which Defendant references are agreements to which it is a party, the Court recognizes that the closely related nature of Gecko and Gecko Alliance as described above could cause good-faith confusion that does not amount to a lack of diligence. Indeed, the names "Gecko Alliance Group,

Inc." and "Gecko Alliance" could easily be mistaken for the same entity depending on how the entities are described in the agreement.

In the instant case, the Court does not have the ability to review the contracts. It does appear—by Defendant's own characterization of the Agreements in its reply—that there are at least different agreements involved. (ECF No. 48 at 2). To Gecko's arguments, this concession seems to weigh against a finding of good cause, at least to some extent. However, based on the arguments raised and the limited understanding the Court has of the present issue, it is the Court's belief that certain fatal oversights in *Crouch*, *Rassoull*, and *Kantsevoy* do not exist here. For example, unlike the *Rassoull* movant, who failed to address the issue of tardiness at all, Defendant offered an explanation in reasonable detail in both its Motion for Leave to File an Amended Third-Party Complaint and its Reply brief. (ECF No. 39 at 4; 48 at 2). *See Rassoull*, F.R.D. 372 at 374. (finding that the plaintiff gave the court no basis upon which the Court could find good cause to amend the scheduling order). It cannot be said that Defendant has offered no basis upon which the Court could find good cause here. It is unclear whether the agreements have any obvious distinguishing characteristics, and by Defendant's representation, they were nearly identical. (ECF No. 48 at 2). The procedural posture of this case is also unlike that in *Kantsevoy*, in which the discovery deadline and the deadline to file dispositive motions had passed, as the discovery deadline in this case does not expire for another four months. *Kantsevoy*, 301 F.Supp. at 590. Finally, unlike the plaintiff in *Crouch*, who sought to add several claims and multiple parties even though it knew it could have added them at an earlier time, Defendant represents it has sought leave to amend to add only one party and no new claims as soon as it realized the entities were different. The Court trusts Defendant's representations.

Therefore, considering the unique scenario at hand, the Court finds good cause exists to amend the scheduling order so as to allow the requested amendment subject to the analysis below. There shall be no further amendments to the third-party complaint, and absent a showing of extraordinary circumstances, the Court will not grant leave to extend the discovery deadline again.

**B.    Granting Leave to Amend to Implead Gecko Alliance Promotes Judicial Economy and Efficiency.**

Bullfrog Spas seeks leave to file an amended third-party complaint to implead Gecko Alliance because Philadelphia Contributionship alleges an electrical malfunction caused the fire at issue within the swim spa, and Gecko[3] and Gecko Alliance manufactured and supplied to Bullfrog Spas the electrical components for the spa. (ECF No. 39 at 3). Thus, Bullfrog Spas argues, "in its Order granting Defendant's prior Motion for Leave, the Court already found that adding [Gecko] would not complicate the trial. For all of the same reasons, granting leave would not cause any prejudice to any party and would not introduce any unrelated issues, and the Third-Party Complaint is not unmeritorious." (ECF No. 39 at 5-6). The Court further recognizes Plaintiff's consent to the present Motion. Gecko does not make an argument under Rule 14 against adding Gecko Alliance. *See* (ECF No. 40). Rather, Gecko's arguments insist that timing should bar Defendant from impleading Gecko Alliance. *Id.*

In the Court's Order granting Leave to File a Third-Party Complaint (ECF No. 22), the Court reasoned that "Bullfrog seeks to add claims for contractual and common law indemnification which are largely based on the same facts as the underlying action brought by Philadelphia Contributionship." (ECF No. 22 at 3). "Trying these claims together is judicially economical and there is no evidence that granting leave will cause undue delay or complicate the trial in this case."

---

[3] Defendant does not seek to substitute Gecko Alliance for Gecko. (ECF No. 39 at 3).

*Id.* The same reasoning applies here, as the parties seemingly agree that Gecko and Gecko Alliance have the same relationship with Defendant.

    **C.**    **It is in the Interest of Justice to Grant Leave to Amend so the Case May Resolve on the Merits Against the Proper Entities.**

Defendant argues "granting leave should not cause undue delay, because although Gecko Alliance is located and would need to be served in Canada, [Gecko] recently became involved in the case, and the Plaintiff recently changed attorneys." (ECF No. 39 at 5). Therefore, "[b]oth [Gecko] and Plaintiff's new attorney would need time to become acclimated with and to investigate the case regardless." *Id.* Gecko urges this Court to deny leave to amend because "Bullfrog has acted to unduly delay this matter in their motion for leave to amend their Complaint, as there was no legitimate reason for delay in pursuing the proper party when the Agreement executed between Bullfrog and the proper party was in Bullfrog's possession at all times during this litigation." (ECF No. 40 at 5). Defendant further represents that "if leave were granted, the Defendant would move expeditiously to serve Gecko Alliance." *Id.*

In the Court's view and based on the reasoning to find good cause, the Court does not agree that Defendant "acted to unduly delay this matter." In the interest of resolving the litigation on the merits and considering the early stage of discovery and that the claims are based on the same factual allegations and claims against Gecko, the Court grants leave to allow Defendant to include Gecko Alliance.

**IV.    CONCLUSION**

Accordingly, it is this 14th day of November, 2025 hereby ORDERED:

    1) Bullfrog Spas' Motion for Leave to File an Amended Third-Party Complaint (ECF No. 39) is GRANTED;

2) The Clerk is directed to accept and file the Third-Party Complaint attached as Exhibit 2 to the Motion for Leave to File Amended Third Party Complaint;

3) There shall be no further amendment of the pleadings; and

4) There shall be no further amendments to the scheduling order absent a showing of extraordinary circumstances.

SO ORDERED.

Dated: <u>November 14, 2025</u>              _____/s/_____
                                             J. Mark Coulson
                                             United States Magistrate Judge